DIXON, Judge
(dissenting).
I must respectfully dissent.
This does not seem to be one of those rare cases in which damages can be awarded to one whose vehicle turns left and is involved in a collision.
The majority opinion, it seems to me, misinterprets the trial judge’s “written reasons for judgment.”[1] As a matter of fact, the driver of the left turning jeep, Grady Carter, in a discovery deposition said that he was traveling about 35 miles per hour and gave a hand signal about a block and a half from the Fink’s Hideaway Road intersection. After testifying that he gave a hand signal, he said, “Well I seen the car coming at a high rate — I mean at a speed but I couldn’t tell you how fast it was running but I gave my signal to let him know I was going to turn out you see.” In his subsequent testimony Carter reiterated that he did not know the speed of the approaching vehicle, but thought that it was doing better than 60 miles per hour.
R.S. 32:104 provides that “no person shall turn a vehicle at an intersection * * * or * * * from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
Carter’s testimony convinces me that he saw the defendant’s vehicle approaching from the rear at a high rate of speed, as he testified, but persisted in his intention to turn left, placing the entire burden of avoiding the accident on the defendant, who had already committed himself and his automobile to a course which would result in a collision when Carter commenced his left turn. It cannot under any circumstances be said that Carter obeyed the mandate of the statute and refrained from turning his vehicle from a direct course unless and until the movement could be made with safety. If Carter had done *408 what the law requires of him, the collision would not have occurred.
The law places a high degree of care and responsibility on a driver who wishes to turn left. This is thoughtful and intelligent legislation. The left turn rule that has been recognized by courts since the earliest days of the automobile is a life saving rule. If the rule is observed, accidents will be prevented. If erosions and incursions are allowed, left turn accidents will continue to occur and to increase in alarming numbers. Every generation, and, in fact, every new driver must be taught that a left turn is a dangerous maneuver, and must not be made, unless it can be made in safety. The courts can contribute to highway safety by maintaining the standard established by the legislature. Only in the rarest circumstances should one responsible for a left turning vehicle be allowed to recover damages.

. “Now, the plaintiff testified that he looked hack once and observed the — at least the defendant testified he observed the plaintiff’s vehicle — the defendant’s vehicle, behind him but it was a sufficient distance away at that time that he thought he could make his turn and then again before he made his turn he observed the defendant’s vehicle behind him and he felt that he had sufficient time to make his turn and that he gave a signal. The plaintiff’s witness — both the plaintiff’s witnesses testified that an arm signal was given and the defendant testified that no signal was given. X realize that the burden is on the plaintiff in these cases, not only to look but to ascertain that he can make a left turn in safety, if he observes a car behind him then he is under a duty to ascertain that he can make that turn in safety, that additional duty, however, in this case I think that he has carried that burden of proof and I’m going to hold in favor of the plaintiff.”